UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CHANDLER B. BENNETT,<br><br>  Defendant. | CASE NO. CR24-093-LK<br><br>**ORDER DENYING DEFENSE MOTION FOR EVIDENTIARY HEARING DKT. 51, AND GRANTING MOTIONS TO SEAL, DKTS. 52 AND 56** |

On May 16, 2024, Defendant made her initial appearance and stipulated to detention. Dkts. 5 and 8. On July 19, 2024, Defendant moved the Court to reopen detention and release her to inpatient treatment on the grounds she has severe opioid use disorder and serious mental health problems. Dkt. 8. Defendant also argues release should be ordered because the evidence against her is weak.

In response, the government contends the Court should deny Defendant's request for release based upon the nature of the charges Defendant faces, and her personal history and characteristics.

After the government filed its response, Defendant filed a motion contending the Court should hold an evidentiary hearing to consider evidence she believes contradicts the government's claim that before she was arrested she was uncooperative, law enforcement knew

the surveillance cameras in the area were not working, and Defendant was locked out of her mobile home. Defendant also claims law enforcement coercively interrogated her and that there are lies in the search warrant and the complaint.

The Court finds Defendant's motion for an evidentiary hearing to address Defendant's contentions is unwarranted. The motion is made in connection with Defendant's motion to reopen detention and release Defendant. Defendant is charged with possession of a controlled substance with intent to distribute and unlawful possession of a machine gun. Under 18 U.S.C. § 3142 and there is a rebuttable presumption that there are no conditions or combination of conditions which will reasonably assure Defendant's appearance and the safety or any other person and the community. When Defendant made her first appearance, she stipulated to detention. *See* Dkts. 5 and 8. She now moves for release claiming there never was a detention hearing. The Court rejects this claim. On May 16, 2024, the Court considered Defendant's custody status when she made her first appearance, Defendant chose to stipulate to detention, and the Court issued a detention order stating that a detention hearing had been held.

Defendant also contends the issue of her detention should be reopened under 18 U.S.C. § 3142(f)(2). This section states:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Because the Court held a detention hearing, the Court finds Defendant's motion is a motion to reopen the detention hearing brought under § 3142(f)(2).

ORDER DENYING DEFENSE MOTION FOR
EVIDENTIARY HEARING DKT. 51, AND
GRANTING MOTIONS TO SEAL, DKTS. 52
AND 56 - 2

In support of her motion to reopen detention, Defendant's arguments have morphed from requesting release on the grounds she needs substance abuse and mental health treatment to a dispute over the conduct of Defendant and police officers, when the officers first responded to a shooting. In specific, Defendant claims after her codefendant had been shot, she spoke with a 911 operator; the search warrant affidavit contains lies that Defendant avoided answering questions about the person who shot the codefendant, the police knew surveillance cameras in the area did not work, Police knew Defendant was locked out of her RV, police coercively interrogated Defendant, and the complaint against Defendant contains lies.

Defendant argues she is entitled to an evidentiary hearing to confront law enforcement about "their false statements."  In addressing whether to grant Defendant's request for an evidentiary hearing, the Court considers whether the request is relevant to reopening detention. To reopen, the evidence that Defendant presents must have a material bearing on the issue whether there are conditions of release that will reasonably assure her appearance and the safety of any other person and the community.

In determining whether there are conditions of release that would assure Defendant's appearance and the safety of others and the community, the Court considers the nature and circumstances of the offense, including whether firearms are involved; the weight of the evidence; the history and characteristics of the defendant including employment, community ties, criminal history conduct related to substance use, mental health; record regarding making court appearances; and the nature and seriousness of the danger posed to others by defendant's release. *See* 18 U.S.C. § 3142(g).

Here, Defendant's motion for evidentiary hearing does not go to the nature and circumstances of the offense. Defendant was charged with possession of a controlled substance

and faces a mandatory minimum term of prison of ten years if the allegation the offense involved 400 grams or more of a mixture of fentanyl is proven. She is also charged in a separate count with unlawful possession of a machine gun. The number of weapons and the amount of drugs involved are significant and were discovered only after law enforcement obtained search warrants. Defendant was not arrested on the night the police first responded and first had contact with Defendant. Defendant's conduct and the conduct of the police prior to the execution of the search warrant of the RV she shared with the codefendant and a storage unit thus do not go to the nature of the allegation and are not material to the question of release. The Defense argues there are lies in the search warrant, but that is an issue that should be addressed in a motion to suppress the drugs, weapons, and other evidence which underly the charges Defendant faces. The Defense also argues the police coercively interrogated her, but this claim is also properly addressed in a motion to suppress her statements.

　　Further, Defendant's motion for an evidentiary hearing, which largely attacks the conduct of law enforcement, is not material to Defendant's personal history and characteristics. Defendant by her own admission suffers from serious mental health and substance abuse problems, and in her motion for release argues she should be released to obtain treatment. However, Defendant has presented no information about her ties to the community, or whether she has a residence to release to if she successfully completed treatment. The pretrial report indicates Defendant's criminal history goes back to 2012 and that numerous arrest warrants have been issued because of her failure to make court appearances. The pretrial report also indicates Defendant was violated for failing to obtain a substance use evaluation, attend sober support meetings and enroll in treatment. Defendant's motion for an evidentiary hearing thus seeks to develop evidence that is untethered to her personal history and characteristics.

For the foregoing reasons the Court ORDERS:

1. Defendant's motion for evidentiary hearing, Dkt. 51, is DENIED.

2. The Court GRANTS the motions to seal, Dkts. 52 and 56.

2. The Court has scheduled a hearing for August 1, 2024, to consider Defendant's request that detention be reopened to address her contention she should be released to obtain substance use and mental health treatment.

DATED this 31st day of July, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge