UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>   v.<br><br>BRAIDEN F. WILSON et al.,<br><br>                         Defendants. | CASE NO. 2:24-cr-00093-LK<br><br>ORDER DENYING MOTION TO DISPOSE OF ITEMS AND DENYING MOTION TO STRIKE |

This matter comes before the Court on the Government's Motion for Authorization to Dispose of Items, Dkt. No. 47, and Defendant Chandler Bennett's Motion to Strike and Opposition to Motion to Dispose of Evidence, Dkt. No. 63. For the reasons set forth below, the Court denies both motions.

## I. BACKGROUND

In the course of investigating the non-fatal shooting of Defendant Braiden Wilson, King County Sheriff's deputies obtained a search warrant to search Defendants' motorhome. Dkt. No. 47 at 2; *see also* Dkt. No. 1 at 3–4. The Government contends that as a result of their searches, deputies discovered controlled substances, firearms, and "substances and chemicals, many of

1  which are used in the creation of destructive devices." Dkt. No. 47 at 2. Both Defendants were
2  subsequently indicted on one count of Possession of a Controlled Substance with Intent to
3  Distribute and one count of Unlawful Possession of a Machine Gun. Dkt. No. 17 at 1–2. Mr.
4  Wilson was also indicted on one count of Unlawful Possession of Destructive Devices and one
5  count of Unlawful Possession of Silencers. *Id.* at 2–3.

6        The Government now moves to dispose of a subset of the items obtained during the
7  searches. Specifically, the Government seeks permission "to dispose of the substances labeled as
8  nitromethane, nitric acid, embalming fluid, denatured alcohol, potassium permanganate, isopropyl
9  alcohol, 35% hydrogen peroxide, and distilled white vinegar after September 6, 2024." Dkt. No.
10 64 at 3. The Government avers that "continued storage of [the materials] present[s] ongoing safety
11 concerns and resource constraint concerns to the King County Sheriff's Office's Bomb Disposal
12 Unit." *Id.* The substances are flammable and present other hazards, particularly in combination,
13 which has "necessitated their storage in specialized facilities maintained by the Bomb Disposal
14 Unit." Dkt. No. 47 at 2, 5–6. At the same time, those facilities have finite storage capacity, and
15 "the continued storage of these items limits the ability of the Bomb Disposal Unit to safely store
16 other substances related to other investigations." *Id.* at 2.

17       To alleviate these concerns, the Government proposed to defense counsel the destruction
18 of 153 specifically identified items. *Id.* at 3. Mr. Wilson's counsel had no objection, but counsel
19 for Ms. Bennett objected. *Id.* The Government subsequently narrowed the scope of its proposed
20 destruction and requested consent to dispose of the above-listed substances. *Id.* In response, Ms.
21 Bennett's counsel asked the Government to retain "each container and samples of each of the
22 substances in the containers, so [the defense] can do various forensic tests." *Id.* When the parties
23 were unable to agree, this motion followed.

24

ORDER DENYING MOTION TO DISPOSE OF ITEMS AND DENYING MOTION TO STRIKE - 2

## II. DISCUSSION

The Government argues that "[c]ontinued storage of [the substances] is exceedingly dangerous, resource-intensive, and unnecessary." Dkt. No. 47 at 1. It also contends that storing the items until September 6, 2024 provides the defense sufficient time to conduct any forensic testing. *Id.* at 6. Ms. Bennett moved to strike the motion because the Government "provides no legal authority for its motion to dispose [of] evidence." Dkt. No. 63 at 1. Ms. Bennett argues that even if the Court declines to strike the motion, it should deny it on the merits because the Government has a constitutional duty to preserve evidence. *Id.* at 2. Despite that duty, the Government "failed to proffer specific facts justifying disposal" of the substances, "has not tested this evidence to confirm that each substance is in fact what the government alleges it to be," and "has not tested the containers of the substances for indicia of possession." *Id.* at 2–3.

The Court agrees that the Government has failed to support its motion. The motion lacks any reference to the source of the Court's authority to allow the pretrial destruction of evidence, citation to legal authority, or evidentiary support from a declarant with personal knowledge of the facts. In its reply, the Government argues that the Court has the inherent authority to allow the destruction of evidence. Dkt. No. 64 at 1. Because that argument was made for the first time in the Government's reply brief and Defendants had no opportunity to respond, the Court does not consider the new argument. *See, e.g.*, *United States v. Barnes*, No. 18-5141-BHS, 2019 WL 2515317, at *3 (W.D. Wash. June 18, 2019) (declining to consider an argument made for the first time in a reply brief).

Even if the Court considers the merits of the Government's motion, it must be denied. The Government has a constitutional duty to preserve evidence that "might be expected to play a significant role in the suspect's defense." *California v. Trombetta*, 467 U.S. 479, 488 (1984). The Government does not argue that the evidence at issue here falls outside that category. In the one

case the Government cites in its reply brief, the Court relieved the Government of maintaining evidence during the pendency of an appeal, which is not the situation here. Dkt. No. 64 at 1 (citing *United States v. Hansen*, CR18-0092-RAJ, Dkt. 554 (W.D. Wash. July 2, 2024)). The Government's insufficiently supported motion gives the Court no basis to relieve it of its preservation duty, and the motion is premature before the substances and containers have been tested. Accordingly, the Court denies the motion without prejudice. Because the Court denies the Government's motion, it denies as moot Ms. Bennett's motion to strike it.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES the Government's Motion for Authorization to Dispose of Items, Dkt. No. 47, and DENIES Ms. Bennett's Motion to Strike that motion, Dkt. No. 63.

Dated this 16th day of August, 2024.

*[signature]*

Lauren King
United States District Judge