UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>CHANDLER B. BENNETT,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:24-cr-00093-LK<br><br>ORDER DENYING MOTION TO COMPEL TREATMENT AND GRANTING MOTIONS TO SEAL |

This matter comes before the Court on Defendant Chandler Bennett's Motion to Compel Treatment. Dkt. No. 67. Ms. Bennett seeks an order requiring the Federal Detention Center ("FDC"), where she is currently detained, to treat her bipolar disorder with Seroquel. *Id.* at 1. The Government opposes the motion. Dkt. No. 75. For the reasons set forth below, the Court denies the motion and grants the parties' motions to seal documents related to this motion.

## I. BACKGROUND

On May 29, 2024, a grand jury returned an indictment charging Ms. Bennett with one count of Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2, and one count of Unlawful Possession of a

ORDER DENYING MOTION TO COMPEL TREATMENT AND GRANTING MOTIONS TO SEAL - 1

1  Machinegun, in violation of 18 U.S.C. §§ 922(o) and 2. Dkt. No. 17 at 1–2. Ms. Bennett pleaded
2  not guilty to both counts on June 6, 2024. Dkt. No. 26. She has been detained at FDC since her
3  arrest on May 16, 2024, Dkt. No. 5, and the Court denied her motions for release and for revocation
4  of her detention order, Dkt. Nos. 71, 85. Trial is currently set for December 16, 2024. Dkt. No. 40
5  at 2.

6       Ms. Bennett states that she has taken Seroquel (generic name Quetiapine) since she was 18
7  years old. Dkt. No. 67 at 1. On the day she was arrested, Ms. Bennett was evaluated at Valley
8  Medical Center for symptoms of opioid withdrawal and was prescribed Seroquel for 14 days. Dkt.
9  No. 77 at 60–63.

10      At some point, Ms. Bennett filed a grievance requesting Seroquel, and on June 12, 2024,
11 her counsel asked FDC legal staff why Ms. Bennett had not been provided with that medication.
12 Dkt. No. 67 at 2. On June 18, her counsel informed FDC legal staff that Ms. Bennett "had seen a
13 psychiatrist but there was no follow-up visit and Ms. Bennett submitted another grievance." *Id.*
14 Legal staff promised to "reen[g]age with medical and psychology." *Id.* Ms. Bennett's counsel
15 provided a June 17, 2024 note written by Fern Feldman, ARNP, stating that Ms. Bennett takes a
16 300mg pill of Seroquel every evening and has "been stable" on the same dose for over two years.
17 Dkt. No. 68-1 at 2. Nurse Feldman also noted that Ms. Bennett has been on Buprenorphine and
18 Naloxene, a combination that "works well" for her. *Id.* Her letter recommended that Ms. Bennett
19 continue to "access her medically necessary medication" because "[w]ithout it, she is likely to
20 have difficulties, that may cause her serious harm." *Id.* Ms. Bennett's prescription history from a
21 retail pharmacy confirms that Nurse Feldman prescribed Seroquel from February through
22 December 2023. Dkt. No. 68-2 at 2–5.

23      In June and July, her counsel contacted FDC legal staff and the Assistant U.S. Attorney
24 prosecuting this case, but was unable to resolve the issue. Dkt. No. 67 at 2. On August 6, Ms.

ORDER DENYING MOTION TO COMPEL TREATMENT AND GRANTING MOTIONS TO SEAL - 2

Bennett's counsel contacted FDC Psychology Services to request Seroquel for Ms. Bennett and was told that "Psychology Services does not prescribe medications" and was referred back to the same legal staff with whom counsel previously corresponded. *Id.* at 2–3. Counsel next contacted the U.S. Marshals, and "staff" stated that they "spoke with [FDC] Health Services,' which claimed that Ms. Bennett 'denied having mental health issues' in appointments on 5/14, 5/24, and 6/4" even though "[n]o appointments dated 5/14 and 6/4 appear in the government's filed medical records[.]" *Id.* at 3. Counsel further avers that the "US Marshals staff also stated that FDC Health Services claimed 'they have no documentation from a provider on file regarding a diagnosis or prior/current prescribed medication,' contradicting the FDC's own records." *Id.* In response, counsel provided Nurse Feldman's letter. *Id.* On August 12, counsel asked the U.S. Marshals staff for an update, and staff "responded that they 'cannot speak' to what FDC Health Services would do." *Id.*

On August 14, 2024, Ms. Bennett filed this motion to compel the FDC to provide her with Seroquel for her bipolar disorder. Dkt. No. 67 at 1. The Government responded that Ms. Bennett "has been provided treatment while in custody a[t] FDC" and has declined follow up care. Dkt. No. 75 at 2–3. The medical records provide additional background on this issue. On the day Ms. Bennett was admitted to the FDC and seen by medical staff, she stated that she was in a medication-assisted-treatment program for opioid use disorder, denied a history of mental health treatment, denied current mental health treatment, and stated that she had no current mental health complaints. Dkt. No. 77 at 8. The provider renewed her prescriptions for Buprenorphine and Naloxene. *Id.* On May 24, she again denied any history of mental health treatment or mental health complaints. *Id.* at 15. During a June 13 appointment with Psychology Services, Ms. Bennett reported a history of bipolar disorder and treatment with Seroquel, but "denied current or past symptoms of the disorder aside from sleep deficit and difficulty with concentration," and "presented with no symptoms of

acute psychological distress and exhibited no overt signs of functional impairment as the result of a mental illness." *Id.* at 43–44. Her "[m]ental status was within normal limits and unremarkable," and although she reported "current symptoms of depression," she "reported no interest in scheduled follow up psychology services and [wa]s focused on psychotropic medication access." *Id.* at 43–44. Ms. Bennett expressed "interest in restarting psychotropic medications for management of depression," and medical services was informed of her interest. *Id.* at 44. In light of these medical records, the Government contends that the fact that "Ms. Bennett *desires* a medication does not mean that a doctor must prescribe it to her. According to the records, BOP has clearly attempted to provide psychiatric care for Ms. Bennett who professionals have concluded is only focused on seeking psychotropic medication access." Dkt. No. 75 at 3.

Ms. Bennett stated in her reply brief that more recently, "an FDC psychiatrist . . . met with Ms. Bennett, refused to prescribe her Seroquel, and instead instructed her to take Prozac. Prozac is an antidepressant and Seroquel is an antipsychotic, and they are not interchangeable." Dkt. No. 84 at 3.

## II.  DISCUSSION

A.  **The Court May Entertain Only Part of Ms. Bennett's Motion**

The Court first addresses whether Ms. Bennett may raise her claim regarding the adequacy of her medical treatment in this criminal case, or whether she must instead raise it in a civil lawsuit. Generally, federal inmates and pretrial detainees may only challenge the conditions of their confinement pursuant to an action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971), which must be filed as a separate civil action and cannot be entertained in the inmate's criminal case. *See Greenhill v. Lappin*, 376 F. App'x 757 (9th Cir. 2010) ("The appropriate remedy for Greenhill's claim, which relates to the conditions of his confinement, lies in a civil rights action under *Bivens*[.]"); *Solano-Moreta v. Fed. Bureau of*

*Prisons*, No. 17-1019, 2018 WL 6982510, at *1 (6th Cir. Sept. 24, 2018); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *United States v. Luong*, No. CR 99-433 WBS-GGH, 2009 WL 2852111, at *1-2 (E.D. Cal. Sept. 2, 2009); *United States v. Hollis*, No. CR-F-08-276 OWW, 2009 WL 902062, at *1 (E.D. Cal. April 1, 2009).[1] Thus, several courts have determined that a defendant cannot challenge her conditions of confinement through a motion filed in her criminal case. *See, e.g., United States v. Carmichael*, 343 F.3d 756, 760–61 (5th Cir. 2003); *United States v. McConneyhead*, 2 F. App'x 330, 331 (4th Cir. Jan. 24, 2001); *United States v. Darcy*, No. 1:17-CR-00036-MR-WCM, 2020 WL 2573251, at *4 (W.D.N.C. May 21, 2020).

However, an exception to this rule arises when a defendant's conditions of confinement violate her Sixth Amendment right to counsel. *See Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (if a defendant's Sixth Amendment right to counsel "is being infringed, [the district judge] has the statutory authority to protect [the defendant's] access to counsel"); *United States v. Loera*, No. CR 13-1876 JB, 2017 WL 3098257, at *27-28 (D.N.M. June 22, 2017); *United States v. Wade*, No. 3:07-cr-00111-RRB-JDR, 2009 WL 3837151, at *1 (D. Alaska Nov. 13, 2009). Indeed, through this Court's detention order and pursuant to 18 U.S.C. § 3142(i)(3)—which is designed to protect a defendant's Sixth Amendment right to counsel—Ms. Bennett must be afforded a "reasonable opportunity for private consultation with counsel" while being detained pending trial. Dkt. No. 8 at 1; *see also Falcon*, 52 F.3d at 139. Importantly, though, "to prevent circumvention of the obligation to exhaust administrative remedies before seeking judicial relief, and to ensure that the persons responsible for the custody and care of the defendant are properly notified and brought before the court, any complaints about the conditions of confinement that do not concern a defendant's access to counsel or the ability to prepare a defense" are not properly

---

[1] A federal prisoner seeking injunctive relief cannot bring a *Bivens* action until she has first exhausted any available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

ORDER DENYING MOTION TO COMPEL TREATMENT AND GRANTING MOTIONS TO SEAL - 5

before the Court. *United States v. Carlos Martin*, No. 2:18-CR-158-FtM-66NPM, 2020 WL 4504949, at *1 (M.D. Fla. Aug. 5, 2020); *see also United States v. Kahn*, No. 17-CR-0029-ABJ, 2019 WL 3977353, at *2 (D. Wyo. Mar. 29, 2019) ("[B]eyond ensuring a detained defendant's reasonable access to counsel and ability to prepare their defense, the Court's authority to redress conditions-of-confinement issues is severely limited within a criminal case."); *United States v. Andrews*, No. 1:12-CR-100, 2014 WL 1379683, at *3 (N.D. W. Va. Apr. 8, 2014).

Ms. Bennett seeks an order compelling the Government to provide her with Seroquel, arguing that the failure to do so constitutes (1) unlawful punishment and (2) interference with her right to counsel. Dkt. No. 67 at 3–4. Her first argument is not a matter properly before the Court in this criminal action. The Court's limited jurisdiction to entertain Ms. Bennett's conditions-of-confinement motion extends only to her second argument regarding interference with her right to counsel. Accordingly, the Court now determines whether it must compel administration of Seroquel to protect Ms. Bennett's ability to prepare her defense or her right to counsel. *See United States v. Simonson*, No. 3:21-CR-50064-1, 2022 WL 6750331, at *1 (N.D. Ill. Oct. 11, 2022).

**B.     The Court Denies the Motion to Compel Treatment**

Ms. Bennett argues that "the government's failure to treat [her] prevents her from effectively defending herself and conferring with counsel, and amounts to 'direct governmental interference with the right to counsel.'" Dkt. No. 67 at 4 (citing *Smith v. Garcia*, No. 98-56159, 1999 WL 974228 (9th Cir. 1999) (unpublished), and quoting *Perry v. Leeke*, 488 U.S. 272, 280 (1989)). "[R]estrictions on a defendant's ability to consult with h[er] attorney can constitute a denial of the Sixth Amendment right to assistance of counsel," *Sublett v. Holbrook*, 773 F. App'x 414, 415 (9th Cir. 2019), as can a constructive denial of the right to counsel, *United States v. Velazquez*, 855 F.3d 1021, 1034 (9th Cir. 2017).

Ms. Bennett's counsel avers that he, "the defense investigator, and the defense paralegal have attempted to meet with Ms. Bennett multiple times since counsel appeared on June 6, and have been unable to make reasonable progress on key issues in the case because Ms. Bennett is too overwhelmed by her symptoms to give the defense team the information and direction it needs." Dkt. No. 67 at 4. Counsel specifically contends that Ms. Bennett was "unable to sufficiently confer with counsel" about the Government's Motion for Authorization to Dispose of Items. *Id.*; *see also* Dkt. No. 47. The Court subsequently denied that motion, Dkt. No. 72, so her contentions about it are now moot.

Turning to the larger issue, while Ms. Bennett claims interference with her right to counsel, counsel has been vigorously defending her, filing numerous stipulations and motions on her behalf since his appointment. Dkt. Nos. 34, 41, 44, 51–52, 63, 66–67, 70. No medical provider has opined or suggested that the lack of Seroquel—while continuing her other medications and adding Prozac—has caused or would be expected to cause an inability to effectively communicate with counsel or assist in preparing her defense. *Drope v. Missouri,* 420 U.S. 162, 171 (1975) (competency to stand trial requires that the defendant have the "capacity to understand the nature and object of the proceedings against h[er], to consult with counsel, and to assist in preparing h[er] defense"); *Dusky v. United States,* 362 U.S. 402, 402 (1960) (per curiam); *see also Indiana v. Edwards*, 554 U.S. 164, 169–70 (2008). Counsel's speculation that the lack of "reasonable progress on key issues" was due to Ms. Bennett being "too overwhelmed by her symptoms" does not suffice. *See Nakhei v. Warden*, No. SACV 13-851 DSF(JC), 2015 WL 5818727, at *14–15 (C.D. Cal. Aug. 19, 2015) ("By itself, evidence that an accused suffers from a mental illness, such as bipolar disorder and schizophrenia (with paranoid delusions), does not generate a real, substantial and legitimate doubt as to the accused's competence."), *report and recommendation adopted,* 2015 WL 5768378 (C.D. Cal. Sept. 30, 2015); *Andrews*, 2014 WL 1379683, at *3 (to

meet her burden, the defendant must do more than offer conclusory statements that the conditions of her confinement are affecting her mental state and, therefore, her ability to assist counsel). Nor does counsel's inexpert and conclusory pronouncement regarding the efficacy of Prozac compared to Seroquel. Dkt. No. 84 at 3; *cf. Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014); *Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to medical care provided by staff within the institution."); *Kamakeeiana v. City & Cnty. of Honolulu*, No. 1:11-cv-00770 SOM/RLP, 2012 WL 4748197, at *2 (D. Haw. Oct. 3, 2012) ("Plaintiff's disagreement with the treatment plan chosen by [a physician at a federal detention facility] does not give rise to a § 1983 claim, much less provide a basis for injunctive relief."). In sum, Ms. Bennett has presented no evidence "to show that [s]he is, in fact, unable to effectively assist counsel due to the conditions of h[er] confinement." *Wade,* 2009 WL 3837151, at * 1. Accordingly, Ms. Bennett has not met her burden of proof, and the Court denies her motion to compel.

**C.     The Court Grants the Motions to Seal**

Both Ms. Bennett and the Government have filed moved to seal her medical records filed in connection with this motion. Dkt. Nos. 66, 76.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a

compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe,* 870 F.3d 991, 998 (9th Cir. 2017)).

The Court has reviewed the documents at issue, which contain Ms. Bennett's sensitive medical information. Dkt. Nos. 68, 77. The Court finds that sealing the documents would serve a compelling interest in protecting Ms. Bennett's medical privacy. *See, e.g.*, *Karpenski v. Am. Gen. Life Cos., LLC*, No. 2:12-cv-01569-RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (need to protect medical privacy qualifies as a "compelling reason" for sealing records); *Parson*, 2022 WL 558221, at *2–3 (same). There are no less restrictive means of protecting Ms. Bennett's privacy. Accordingly, the Court grants the motions to seal.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Bennett's Motion to Compel Treatment, Dkt. No. 67, and GRANTS the motions to seal, Dkt. Nos. 66, 76. The documents at docket entries 68 and 77 can remain under seal.

Dated this 16th day of September, 2024.

Lauren King
United States District Judge