UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>    v.<br><br>CHANDLER BENNETT,<br><br>                      Defendant. | CASE NO. 2:24-cr-00093-LK<br><br>ORDER GRANTING IN PART MOTION TO SEAL |

       This matter comes before the Court on Defendant Chandler Bennett's motion to seal exhibits 2, 3, 4, and 5 to her sentencing memorandum. Dkt. No. 124. For the reasons set forth below, the Court grants the motion in part.

       Ms. Bennett contends that the exhibits contain confidential information, "which if made public could result in irreparable harm to Ms. Bennett." *Id.* at 1. She further argues that there are compelling reasons to seal the documents, and "the right of access is outweighed by the interests of both the public and the parties in protecting the substance of this document from public view." *Id.*

1  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe,* 870 F.3d 991, 998 (9th Cir. 2017)).

Exhibits 2 and 5 contain extensive medical information, Dkt. Nos. 126, 126-3, and exhibit 4 comprises medical records, Dkt. No. 126-2. The Court finds that sealing these exhibits would serve a compelling interest in protecting Ms. Bennett's medical privacy. *See, e.g.*, *Karpenski v. Am. Gen. Life Cos., LLC*, No. 2:12-cv-01569-RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (need to protect medical privacy qualifies as a "compelling reason" for sealing records); *Parson*, 2022 WL 558221, at *2–3 (same). For these sealed exhibits, there are no less restrictive means of protecting Ms. Bennett's privacy.

However, there does not appear to be a compelling reason to seal exhibit 3 in its entirety, Dkt. No. 126-1, and Ms. Bennett's conclusory motion does not provide one, Dkt. No. 124. While that exhibit contains sensitive information about a third party and the first name of a minor, both names can be redacted to protect their privacy.[1]

---

[1] Ms. Bennett may also redact the address in exhibit 3. Dkt. No. 126-1.

ORDER GRANTING IN PART MOTION TO SEAL - 2

Accordingly, the Court GRANTS Ms. Bennett's motion to seal in part. Dkt. No. 124. The exhibits may remain under seal, Dkt. Nos. 126, 126-1, 126-2, 126-3, but within 14 days of this Order, Ms. Bennett must file a redacted and unsealed copy of Dkt. No. 126-1.

Dated this 19th day of March, 2025.

Lauren King
United States District Judge

ORDER GRANTING IN PART MOTION TO SEAL - 3